Allison N. Melton (CO Bar No. 45088)
Center for Biological Diversity
128 Cascadilla Street/#3024
Crested Butte, CO  81224
Phone: 970-309-2008
Email: amelton@biologicaldiversity.org
*Applicant Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Center for Biological Diversity, | Case No.: |
| Plaintiff, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| vs. | |
| U.S. Forest Service, | |
| Defendant | |

**INTRODUCTION**

1. In this action, the Center for Biological Diversity ("the Center") challenges the ongoing failure of the U.S. Forest Service ("Forest Service") to timely provide requested records concerning the agency's special use permits for all Columbine cabins on Mount Graham, in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, ("FOIA"), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 1

2.      The Center submitted a FOIA request to the Forest Service on January 10, 2018, seeking all records of special use permits for all Columbine cabins on Mount Graham currently authorizing continuing occupancy and/or use of such cabins.  The requested records are relevant to the Forest Service's duty to comply with Section 7(a)(2) of the Endangered Species Act as these cabins are located within critical habitat for the endangered Mount Graham red squirrel.  As of the date of this filing, the Forest Service has not provided a determination or any responsive records to the Center's request.

3.      The Center seeks declaratory relief that the Forest Service has violated and remains in violation of FOIA, or alternatively, the APA.  The Center also seeks injunctive relief ordering the Forest Service to promptly conduct a search for responsive records and to provide the Center with all responsive records without any further delay.

**JURISDICTION**

4.      This Court has jurisdiction over this matter pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B); the APA, 5 U.S.C. § 702; 28 U.S.C. § 1331, because this action arises under laws of the United States; and 28 U.S.C. § 1346(a)(2), because this action involves the United States as a defendant.   An actual justiciable controversy exists between Plaintiff and Defendant.  The requested relief is proper and appropriate.  5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 706; 28 U.S.C. §§ 2201, 2202.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 2

## VENUE

5. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) because the Center has its principal place of business in the district, and a portion of the responsive records are in the district. Venue is also proper pursuant to 28 U.S.C. § 1391(e) because Defendant Forest Service has offices in the district, and a substantial part of the events or omissions giving rise to the claim occurred in the district.

6. Venue is proper in the Tucson Division because the Center for Biological Diversity is headquartered in Tucson. L.R. Civ 77.1(a).

## PARTIES

7. Plaintiff Center for Biological Diversity ("the Center") is a non-profit corporation headquartered in Tucson, Arizona, with offices in a number of states and Mexico. The Center works through science, law, and policy to secure a future for all species, great or small, hovering on the brink of extinction. The Center is actively involved in endangered species and habitat protection issues nationwide, and has more than 63,000 members throughout the United States and the world.

8. The Center and its members are harmed by the Forest Service's violations of FOIA, or alternatively the APA, as such violations preclude the Center from gaining a full understanding of the activities, priorities, and communications of the Forest Service, including the Forest Service's compliance with the Endangered Species Act, 16 U.S.C. §§ 1531-1544 ("ESA").

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

9. The interests of the Center and its members have been and will continue to be adversely affected if the Forest Service's ongoing violations of FOIA and the APA continue. These are actual, concrete injuries caused by the Forest Service's violations of FOIA and the APA. The relief sought will redress the Center and its members' injuries.

10. Defendant U.S. Forest Service is an agency within the U.S. Department of Agriculture. The Forest Service is responsible for managing and overseeing the National Forest System. The Forest Service is subject to FOIA pursuant to 5 U.S.C. § 552(f) as it is in possession and control of the records that the Center seeks.

## STATUTORY BACKGROUND

11. FOIA's basic purpose is for government transparency. It establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA imposes strict deadlines on federal agencies. Within 20 working days of receiving a FOIA request, an agency must determine whether to disclose responsive records and notify the requester of its determination, and it must then make records "promptly" available unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. 5 U.S.C. § 552(a)(3)(A), (a)(6). Also within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determination. *Id.* § 552(a)(6)(A)(i)(III).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 4

13.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  5 U.S.C. § 552(a)(4)(B).

14.     Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by 5 U.S.C. § 552(a)(6)(A)(ii).

15.     First, an agency may toll the 20 working day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification.  5 U.S.C. § 552(a)(6)(A)(ii)(I).

16.     Second, an agency may extend the 20 working day deadline for an additional 10 working days only by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension, and also providing the date by which the agency expects to make the determination.  5 U.S.C. § 552(a)(6)(B).  To invoke such "unusual circumstances," the agency must provide the requester with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request."  *Id.* § 552(a)(6)(B)(ii).  In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency."  *Id.*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 5

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

18. FOIA requires federal agencies to expeditiously disclose requested records, *see* 5 U.S.C. § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

19. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions. 5 U.S.C. § 552(b). These exemptions, however, must be narrowly construed in light of FOIA's objective of disclosure, not secrecy.

20. United States district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

21. Alternatively, an agency's response to a FOIA request is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5 U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1).

**FACTUAL BACKGROUND**

22. The Mount Graham red squirrel is listed as endangered under the Endangered Species Act and is highly imperiled with a population of approximately 30

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 6

animals.  The Columbine cabins on Mount Graham are located within Mount Graham red squirrel critical habitat.  Under the Arizona-Idaho Conservation Act of 1988, the Forest Service is to initiate consultation with the U.S. Fish and Wildlife Service pursuant to Section 7(a)(2) of the Endangered Species Act regarding the termination, nonrenewal, extension, or modification of the special use authorizations for these cabins.  102 Stat. 4571, 4597 (§ 605(a)).

23. On January 10, 2018, the Center submitted a FOIA request to the Forest Service Safford Ranger District of the Coronado National Forest and the Forest Service Southwest Region (Region 3).  The Center requested: "[a]ll records of special use permits for all Columbine cabins on Mount Graham currently authorizing continuing occupancy and/or use of all Columbine cabins."

24. On January 11, 2018, the Forest Service emailed the Center acknowledging reciept of the Center's January 10, 2018 FOIA request.  The Forest Service assigned the FOIA request case number 2018-FS-R3-01834-F.  The email also stated that the Forest Service was "diligently working to process each [FOIA] request in the the order in which it was received" and to "be assured that every attempt will be made to respond to [the Center's] request within 20 working days."

25. On February 13, 2018, the Forest Service emailed a Record of Decision from March 2015 to a staff member that had directly asked for this Record of Decision.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 7

26.     On April 27, 2018, the Center emailed the Forest Service asking for a status update on the agency's processing of the January 10, 2018 FOIA request. The Center asked the Forest Service when it could expect the first response to the FOIA request and for an estimated date of completion.

27.     On June 27, 2018, the Center sent a letter to the Forest Service notifying the agency that since the Center's previous correspondence on April 27, 2018, 42 working days had passed with no records or corresponse from the Forest Service. The letter stated that the Forest Service had not provided an assertion of "unusual circumstances" which would delay a decision on the request, nor did it provide an estimated completion date. The letter re-iterated that the information requested in the January 10, 2018 FOIA would be used to better understand the exact status of all Columbine cabins as it relates to the permit termination requirements found in the Arizona-Idaho Conservation Act. The Center also offered to assist the Forest Service in any way it could to facilitate the agency's prompt release of the requested records.

28.     As of the date of this filing, the Forest Service has not responded to the Center's June 27, 2018 letter.

29.     As of the date of this filing, the Forest Service has not provided any records responsive to the Center's January 10, 2018 FOIA request.

30.     As of the date of this filing, the Forest Service has not provided the Center with an estimated completion date by which the agency will make a determination on the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 8

Center's January 10, 2018 FOIA request. The 20 working day deadline to provide the Center with a FOIA-compliant determination tolled no later than February 8, 2018.

31. As of the date of this filing, the Forest Service has not notified the Center of any "unusual circumstances" that would prevent it from complying with FOIA's deadlines for the Center's January 10, 2018 FOIA request.

32. As of the date of this filing, the Forest Service has not claimed or asserted that the Center's requested records are exempt from disclosure under FOIA.

33. On information and belief, the Forest Service has failed to conduct a search for responsive records to the Center's January 10, 2018 FOIA request.

**FIRST CLAIM FOR RELIEF**

The Forest Service Failed to Comply with FOIA's Mandatory Determination Deadline.

37. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

38. The Center has a statutory right to a lawful final determination from the Forest Service, within the statutory deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

39. The Forest Service has violated FOIA by failing to provide a lawful determination on the Center's January 10, 2018 FOIA request within the statutory deadline. *Id*.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 9

## SECOND CLAIM FOR RELIEF

<u>The Forest Service Failed to Conduct an Adequate Search for Responsive Records.</u>

40. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

41. The Center has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

42. The Forest Service has violated FOIA by failing to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's January 10, 2018 FOIA request.  *Id*.

## THIRD CLAIM FOR RELIEF

<u>The Forest Service Failed to Promptly Disclose Records Responsive to
the Center's January 10, 2018 FOIA Request.</u>

43. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

44. The Center has a statutory right to the Forest Service's prompt availability and disclosure of the requested records following a determination on its FOIA requests. 5 U.S.C. § 552(a)(3)(A).

45. The Forest Service has failed to produce the public records that the Center requested, for which there are no applicable FOIA exemptions.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 10

46. The Forest Service violated FOIA by failing to promptly make available and disclose the records that are responsive to the Center's January 10, 2018 FOIA request. 5 U.S.C. § 552(a)(3)(A).

## FOURTH CLAIM FOR RELIEF

<u>In the Alternative to Claims 1-3, the Forest Service Unlawfully Withheld and Unreasonably Delayed Actions That FOIA Requires.</u>

47. The Center re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

49. Alternatively, the Forest Service unreasonably delayed agency action by failing to comply with the mandates of FOIA to: (1) provide a timely determination on the Center's FOIA requests, (2) conduct an adequate search for records that are responsive to the Center's FOIA requests, and (3) promptly disclose all records that are responsive to the Center's FOIA requests. The Forest Service's failures constitute agency action unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1).

## RELIEF REQUESTED

The Center requests that this Court:

A. Declare that the Forest Service's failure to make a timely determination on the Center's January 10, 2018 FOIA request is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A), or in the alternative, is agency action that has been unlawfully withheld or unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1);

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 11

B.  Declare that the Forest Service's failures to undertake a search for and promptly disclose to the Center all records that are responsive to the Center's January 10, 2018 FOIA request are unlawful under FOIA, 5 U.S.C. § 552(a)(3), or in the alternative, constitute agency action that has been unlawfully withheld or unreasonably delayed pursuant to the APA, 5 U.S.C. § 706(1);

C.  Order the Forest Service to promptly provide a determination on the Center's January 10, 2018 FOIA request as required by FOIA;

D.  Order the Forest Service to promptly conduct a search that is reasonably calculated to locate all records responsive to the Center's January 10, 2018 FOIA request, and to provide the Center, by a date certain, with all responsive records;

E.  Award the Center its costs and reasonable attorney fees and expenses pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), or the Equal Access to Justice Act, 28 U.S.C. § 2412.

F.  Grant such other and further relief to the Center as the Court may deem just and proper.

DATED: August 15, 2018.                Respectfully submitted,

       /s/ Allison N. Melton
Allison N. Melton (CO Bar No. 45088)
Center for Biological Diversity
128 Cascadilla Street/#3024
Crested Butte, CO  81224
Phone: 970-309-2008
Email: amelton@biologicaldiversity.org
*Applicant Pro Hac Vice*

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 12